Mitchell P. Brook, State Bar No. 172105
Andrea M. Kimball, State Bar No. 196485
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311
Email: mbrook@luce.com
Email: akimball@luce.com

Attorneys for AVID Center

FILED
08 JAN 18 PM 4:15
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DDV DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AVID Center,

Plaintiff,

v.

Productive Education, LLC
David C. Schwartz,

Defendants.

Case No. '08 CV 0114 H JMA

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL COMMON LAW INFRINGEMENT, FALSE ADVERTISING, FEDERAL TRADEMARK DILUTION, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL**

For its Complaint, Plaintiff AVID Center alleges as follows:

## I. JURISDICTION AND VENUE.

1. This is an action for infringement of a registered trademark in violation of 15 U.S.C. § 1114, common law trademark infringement, false advertising in violation of 15 U.S.C. § 1125(a), federal trademark dilution, federal trade dress infringement, and common law unfair competition and unfair trade practices in violation of California Business & Professions Code § 17200, et seq. Jurisdiction is conferred by 28 U.S.C. §§ 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1395 as Defendants do business in this district via an active website and other solicitations and offer goods and services for sale in this district on that website under a designation that infringes Plaintiff's trademarks. Defendants have conducted business with one or more customers residing in San Diego County

through internet sales using Plaintiff's trademark in connection with Defendants' sale of educational supplies. Defendants have thereby committed acts resulting in harm to the Plaintiff in this district.

## II. PARTIES.

3. Plaintiff AVID Center ("AVID") is a nonprofit organization operating and existing under the laws of the State of California having a business address at 5120 Shoreham Place, Suite 120, San Diego, CA 92122.

4. On information and belief, Defendant Productive Education LLC ("Productive Education") is a limited liability company organized and existing under the laws of the State of Massachusetts having a business address of 945 Concord Street, Framingham, Massachusetts, 01701.

5. On information and belief, Defendant David C. Schwartz ("Schwartz") is the chairman and chief executive officer of Defendant Productive Education LLC having a business address of 945 Concord Street, Framingham, Massachusetts, 01701.

## III. FACTS COMMON TO ALL CLAIMS.

6. AVID is a nonprofit organization dedicated to preparing fourth through twelfth grade students for four-year college eligibility by focusing on effective educational techniques for accelerating student progress.

7. AVID is a leading educational innovator and developer of a college readiness system and curriculum for hundreds of school districts and thousands of elementary, middle and high schools throughout the United States. AVID's system and materials are designed for comprehensive high schools, middle schools and elementary schools.

8. AVID is the owner of United States Trademark Registration No. 2,386,964 for the word mark **AVID** for printed educational matter, namely, college preparatory curriculum courseware in print form, books and brochures. Registration No. 2,386,964 issued on September 19, 2000 and is valid and existing on the Principal Register of the United States Patent and Trademark Office. A true and correct copy of the Registration No. 2,386,964 is attached hereto as Exhibit A.

9. AVID is the owner of United States Trademark Registration No. 2,372,132 for the service mark **AVID** for educational services directed to schools and school districts; namely, conducting workshops in the field of a college preparatory curriculum; distribution of written

materials in conjunction therewith; and consulting services related thereto. Registration No. 2,372,132 issued on August 1, 2000 and is valid and existing on the Principal Register of the United States Patent and Trademark Office. A true and correct copy of the Registration No. 2,372,132 is attached hereto as Exhibit B.

10. AVID is the owner of United States Trademark Registration No. 2,735,956 for the word mark **AVID PRESS** for education publications, namely, training manuals in the field of secondary school subjects (English, English as a second language, mathematics, science, social science, world languages) and college preparatory materials. Registration No. 2,735,956 issued on July 15, 2003 and is valid and existing on the Principal Register of the United States Patent and Trademark Office. A true and correct copy of the Registration No. 2,735,956 is attached hereto as Exhibit C.

11. Upon information and belief, Defendants have used the **AVID** marks**,** or marks confusingly similar thereto, by selling school supplies to schools and/or students that are marketed as supportive of and/or affiliated with the AVID curriculum. Upon information and belief, AVID believes Defendants sell education supplies.

12. On information and belief, Defendants maintain a website that states that its products are derived from or are associated with AVID or the legitimate AVID curriculum. For example, Defendants refer to their products as "Documents for AVID" or "D + AVID," among other uses likely to confuse the public. (*See e.g.* www.bookwindows.com.)

13. On information and belief, Defendants have improperly used the AVID logo on Defendants' marketing materials in the same or substantially the same manner as the AVID logo appears on AVID's products and services.

14. Defendants' use of the mark **AVID**, or marks confusingly similar thereto, has been and continues to be without the authorization or consent of AVID.

15. On several occasions, including October 25, 2007, AVID provided Defendants written notice of its exclusive rights in the mark **AVID** and demanded that Defendants cease and desist from its unauthorized use of the mark **AVID,** or marks confusingly similar thereto, in connection with the sale of school supplies and the AVID curriculum. Defendants have declined to discontinue their use

of the mark **AVID,** or marks confusingly similar thereto.

16. On information and belief, Defendants have conducted business with one or more customers and market to consumers residing in San Diego County through internet sales using the mark **AVID,** or marks confusingly similar thereto, in connection with school supplies.

## FIRST CLAIM FOR RELIEF

### (Infringement of a Registered Trademark)

17. AVID repeats and incorporates herein the allegations contained in paragraphs 1 through 16 of this Complaint.

18. The above-cited acts by Defendants constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114 in that Defendants have used the **AVID** marks in commerce in connection with the sale, distribution or advertising of its goods and services in a manner which is likely to cause confusion or cause mistake or to deceive as to the affiliation, approval or sponsorship of Defendants' goods and services.

19. AVID has been damaged by Defendants' trademark infringement by reason of the likelihood that potential customers have been or will be confused as to the source of affiliation, sponsorship or approval of Defendants' goods and services and the relationship of such goods and services to AVID.

20. Defendants have profited from their actions of trademark infringement alleged herein.

21. By reason of Defendants' actions alleged herein, AVID has suffered damage to its goodwill and the loss of sales that AVID would have made but for Defendants' acts. Defendants' acts of infringement have caused AVID to suffer damages in an amount to be proven at trial.

22. Defendants' acts of infringement are willful and taken without regard to the established rights of AVID. Defendants refuse to cease such actions despite numerous requests. AVID seeks judgment for three times the damages awarded due to the willful conduct, plus costs and expenses for bringing the action.

## SECOND CLAIM FOR RELIEF

### (Federal Common Law Trademark Infringement)

23. AVID repeats and incorporates herein the allegations contained in paragraphs 1

through 22 of this Complaint.

24. The actions of Defendants described herein constitute infringement of AVID's trademark rights under the federal common law. Defendants Productive Education and Schwartz have selected and are using names that are confusingly similar to the **AVID** marks.

25. As a direct and proximate result of Defendants' actions, AVID has suffered and will suffer general damages according to proof at trial.

26. As a further direct and proximate result of Defendants' unauthorized use of the **AVID** marks, or marks confusingly similar thereto, Defendants have damaged and will continue to damage AVID's goodwill and reputation. Defendants' actions have caused and will continue to cause irreparable harm to AVID and to the public confused by Defendants' unauthorized use of the **AVID** marks, or marks confusingly similar thereto, unless restrained and enjoined by this Court. AVID has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring AVID.

27. As a further direct and proximate result of Defendants' actions, AVID has been damaged and is entitled to receive compensation for all expenses necessary to minimize and/or prevent customer confusion. AVID is also entitled to disgorge Defendants' profits, is entitled to interest, and to recover attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial. AVID is further entitled to injunctive relief as set forth above, and to all other further forms of relief this Court deems appropriate.

## THIRD CLAIM FOR RELIEF

**(False Advertising)**

28. AVID repeats and incorporates herein the allegations contained in paragraphs 1 through 27 of this Complaint.

29. The above-described conduct of Defendants constitutes false advertising in violation of 15 U.S.C. § 1125(a) in that Defendants have used a false or misleading representation of fact in connection with its goods and services which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with AVID or as to the origin, sponsorship or approval of Defendants' goods and services by AVID.

30. AVID has been damaged by Defendants' false and misleading representations by reason of the likelihood that potential customers will be confused and deceived and will mistakenly believe that Defendant is an authorized distributor of AVID's products and/or services and that Defendants' products and services originate from AVID or are sponsored, affiliated with, authorized, or approved by AVID.

31. Defendants have profited from their actions of false advertising alleged herein and will continue to profit unless and until such conduct is enjoined.

32. By reason of Defendants' acts alleged herein, AVID has suffered damage to its goodwill and the loss of sales AVID would have made but for Defendants' acts, in an amount to be proven at trial.

33. Defendants' actions were willful and taken with total disregard of AVID's rights. AVID seeks judgment for three times the damages awarded plus costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF

**(Federal Trademark Dilution – 15 U.S.C. § 1125(c)(1))**

34. AVID repeats and incorporates herein the allegations contained in paragraphs 1 through 33 of this Complaint.

35. AVID has invested substantial financial resources to market the **AVID** marks. As a result, the **AVID** marks have become "famous" and "distinctive" pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

36. AVID is informed and believes and thereon alleges, that despite Defendants' knowledge of AVID's federal registrations, and common law rights in the **AVID** marks, Defendants have commercially used, reproduced, copied or colorably imitated the **AVID** marks in connection with the sale, offering for sale, distribution and/or advertising of goods and services in a manner which has caused and will likely continue to cause confusion, mistake or deception among the purchasing public as to the source of the goods and services. Defendants' conduct in this regard is likely to dilute the distinctive qualities of the **AVID** marks by lessening the capacity of such marks to identify and distinguish AVID's goods and services in the marketplace, and has resulted in an actual present injury to the **AVID** marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C.

§1125(c). Each of the Defendants knew of AVID's rights in the **AVID** marks and elected to select names for its products that are likely to cause confusion as to the source of the goods.

37. As a direct and proximate result of Defendants' unauthorized use of the **AVID** marks, Defendants have damaged and will continue to damage AVID's goodwill and reputation. Defendants' actions have caused and will continue to cause irreparable harm to AVID and to the public unless restrained and enjoined by this Court. AVID has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring AVID.

38. The damages sustained by AVID as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. §1117(b).

**FIFTH CLAIM FOR RELIEF**

**(California Business & Professions Code, § 17200, et seq.)**

39. AVID repeats and incorporates herein the allegations contained in paragraphs 1 through 38.

40. Defendants have engaged in acts of statutory unfair competition as defined in California Business & Professions Code §§ 17200 and 17500, including unfair and fraudulent business practices.

41. AVID is entitled to an injunction enjoining Defendants from engaging in their unlawful acts and restoration of any money or property which Defendants acquired through their acts of unfair competition pursuant to California Business & Professions Code §§ 17203 and/or 17500.

**SIXTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

42. AVID repeats and incorporates herein the allegations contained in paragraphs 1 through 41 of this Complaint.

43. The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

44. AVID is entitled to recover attorneys' fees and costs plus restoration of any and all profits, monies or property resulting from Defendants' unfair and unjust activities.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AVID Center requests entry of judgment in its favor and against Defendants Productive Education LLC and David C. Schwartz as follows:

A. A permanent injunction prohibiting Defendants from:

1) using the **AVID** marks alone or in combination with other words, symbols, derivations or designs in any manner in connection with the sale, distribution or advertising of educational or curriculum materials and other school supplies, or goods and services that are related or complementary thereto; and

2) from using the **AVID** marks in a manner which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendants and AVID, or as to the origin, sponsorship or approval of Defendants' products and services by AVID;

B. Compensatory damages, restoration of monies or property and disgorgement of Defendants' profits from the sale of goods or services under 15 U.S.C. § 1117 and California Business & Professions Code, § 17203;

C. Treble damages pursuant to 15 U.S.C. § 1117;

D. Punitive damages;

E. Prejudgment interest, costs, expenses, and reasonable attorney's fees for this suit; and

F. Such other and further relief as this Court may deem just and proper.

DATED: January 18, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: [signature]
Andrea M. Kimball
Mitchell P. Brook
Attorneys for AVID Center

**DEMAND FOR JURY TRIAL**

Plaintiff AVID Center hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: January 18, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: ______________________

Andrea M. Kimball
Mitchell B. Brook
Attorneys for AVID Center

101064700.1

EXHIBIT A

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50**

**Reg. No. 2,386,964**

# United States Patent and Trademark Office

**Registered Sep. 19, 2000**

## TRADEMARK
### PRINCIPAL REGISTER

## AVID

SWANSON, MARY CATHERINE (UNITED STATES CITIZEN)
AVID CENTER
MCCONAUGHY HOUSE2490 HERITAGE PARK ROW
SAN DIEGO, CA 92110

FOR: PRINTED EDUCATIONAL MATTER, NAMELY, COLLEGE PREPARATORY CURRICULUM COURSEWARE IN PRINT FORM, BOOKS AND BROCHURES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 9-0-1980; IN COMMERCE 7-0-1986.

SER. NO. 75-562,975, FILED 10-1-1998.

KARLA PERKINS, EXAMINING ATTORNEY

EXHIBIT A

PAGE 1 OF 1

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101 and 107**

**Reg. No. 2,372,132**

# United States Patent and Trademark Office

**Registered Aug. 1, 2000**

## SERVICE MARK
## PRINCIPAL REGISTER

## AVID

SWANSON, MARY CATHERINE (UNITED STATES CITIZEN)
AVID CENTER
MCCONAUGHY HOUSE2490 HERITAGE PARK ROW
SAN DIEGO, CA 92110

FOR: EDUCATIONAL SERVICES DIRECTED TO SCHOOLS AND SCHOOL DISTRICTS; NAMELY, CONDUCTING WORKSHOPS IN THE FIELD OF A COLLEGE PREPARATORY CURRICULUM; DISTRIBUTION OF WRITTEN MATERIALS IN CONJUNCTION THEREWITH; AND CONSULTING SERVICES RELATED THERETO, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-0-1980; IN COMMERCE 7-0-1986.

SER. NO. 75-567,209, FILED 10-1-1998.

KARLA PERKINS, EXAMINING ATTORNEY

EXHIBIT B

PAGE 1 OF 1

EXHIBIT C

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50**

**Reg. No. 2,735,956**
**Registered July 15, 2003**

**United States Patent and Trademark Office**

## TRADEMARK
### PRINCIPAL REGISTER

# AVID PRESS

AVID CENTER (CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION)
5120 SHOREHAM PLACE
SUITE 120
SAN DIEGO, CA 92122 , BY ASSIGNMENT SWANSON, MARY CATHERINE (UNITED STATES INDIVIDUAL) SAN DIEGO, CA 92108

FOR: EDUCATIONAL PUBLICATIONS, NAMELY, TRAINING MANUALS IN THE FIELD OF SECONDARY SCHOOL SUBJECTS (ENGLISH, ENGLISH AS A SECOND LANGUAGE, MATHEMATICS, SCIENCE, SOCIAL SCIENCE, WORLD LANGUAGES) AND COLLEGE PREPARATORY MATERIALS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 11-0-2000; IN COMMERCE 11-0-2000.

OWNER OF U.S. REG. NOS. 2,372,132, 2,386,964, AND 2,533,626.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PRESS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-308,309, FILED 9-4-2001.

SOPHIA S. KIM, EXAMINING ATTORNEY

EXHIBIT C

PAGE 1 OF 1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
AVID Center,

**DEFENDANTS**
Production Education, LLC; David C. Schwartz,

FILED
08 JAN 18 PM 4:17

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrea M. Kimball, SB#196485
Luce, Forward, Hamilton & Scripps LLP
600 West Broadway, Suite 2600, San Diego, CA 92101
Telephone: 619.233.2986
Facsimile: 619.645.5323

Attorneys (If Known)

BY: DEPUTY

'08 CV 0114 H JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
15 U.S.C. sections 1114 and 1125(a); California Business & Professions Code section 17200, et seq.
Brief description of cause:
Trademark Infringement, Federal Common Law Infringement, False Advertising, Federal Trademark Dilution and Unfair Competition

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: January 18, 2008
SIGNATURE OF ATTORNEY OF RECORD: Andrea M. Kimball

**FOR OFFICE USE ONLY**

RECEIPT # 146657 AMOUNT $350 - 1/18/08 BH APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 146657 - BH
* * C O P Y * *
January 18, 2008
16:17:53

Civ Fil Non-Pris
USAO #.: 08CV0114 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.: $350.00 CK
Check#.: BC# 3493

Total-> $350.00

FROM: AVID CENTER V. PROTECTION ED.
CIVIL FILING